IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DARNELL L. GRIMMETT**                                                              **PETITIONER**

**VS.**                       **CASE NO. 2:17CV00108 BRW/PSH**

**GENE BEASLEY, Warden,**
**FCI Forrest City**                                                                 **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

In 2012, Darnell L. Grimmett ("Grimmett") pleaded guilty in federal court in the Western District of Missouri to being a felon in possession of a firearm. In June 2013, he was sentenced as a career offender to 88 months' imprisonment. The plea agreement executed by Grimmett recited that he had prior felony convictions, including convictions for possession of a controlled substance in 2003 and 2004, and a conviction for resisting arrest by fleeing, creating a substantial risk of injury or death, in 2003. Docket entry no. 8-1, page 2. Grimmett's base offense level was enhanced under U.S.S.G. §§ 2K2.1(a)(3) and 4B1.2 because he possessed a firearm capable of accepting a large capacity magazine and because he had a prior conviction for a crime of violence.[1] See docket entry

---

[1] U.S.S.G. 2K2.1(a)(3) provides that the base offense level for a person convicted of being a felon in possession of a firearm is 22 if the offense involved a semiautomatic firearm capable of accepting a large capacity magazine, and if the defendant possessed the firearm after sustaining

nos. 8-5, page 1; 8-6, pages 1-2. Following a 3 level reduction for acceptance of responsibility, and application of a criminal history category of VI, an advisory Sentencing Guidelines range of 63 to 78 months' imprisonment was calculated. Docket entry no. 8-2. The 88 month sentence represented an upward variance from the advisory Sentencing Guidelines range, but below the statutory maximum of 10 years. The record does not indicate the basis for the upward variance.

In the plea agreement, Grimmett waived his right to file a direct appeal of his sentence or a collateral attack "on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An 'illegal sentence' includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." Docket entry no. 8-1, page 9. Grimmett did not file a direct appeal.

In June of 2016, Grimmett, who was represented by counsel, sought relief from the trial court via a petition filed pursuant to 28 U.S.C. § 2255. Docket entry no. 8-5. In the petition, Grimmett cited *Johnson v. United States*, 135 S. Ct. 2551 (2015), as the basis for seeking correction of his sentence. The government responded to this motion, contending *Johnson* was not retroactive to sentencing guidelines claims and that Grimmett's plea agreement barred collateral attack. Docket entry no. 8-6.[2] Grimmett filed a motion to dismiss the case without prejudice in April of this year based on the Supreme Court's ruling in *Beckles v. United States*, 137 S. Ct. 886 (2017)(U.S.

---

one felony conviction of either a crime of violence or a controlled substance offense. Section 4B1.2 defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that...has as an element the use, attempted use, or threatened use of physical force against the person of another, or...is burglary of a dwelling arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

[2]*Johnson* invalidated the residual clause of the Armed Career Criminal Act ("ACCA), and affected convictions relying on a determination that a prior conviction "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(ii). Grimmett claimed, based on *Johnson*, that the identically worded residual clause of U.S.S.G. 4B1.2(a)(2) was also unconstitutionally vague and could not be the basis for a base offense level enhancement. He also argued that his prior conviction did not qualify as a crime of violence under the "enumerated offenses" or "elements" clauses of U.S.S.G. 4B1.2(a), and thus could not be used to enhance his base offense level. Docket entry no. 8-5.

sentencing guidelines not subject to void for vagueness due process challenge). Docket entry no. 8-7. The sentencing court entered an order on August 30, 2017 denying Grimmett's motion to dismiss without prejudice. That court also addressed the merits of the § 2255 motion, holding that Grimmett's petition was without merit: "The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. They merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. Id. Here, Petitioner was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence." *Grimmett v. United States*, U.S. District Court, Western District of Missouri, case no. 4:16-cv-00605-DGK, docket entry no. 13.

On June 20, 2017, while his § 2255 petition was still pending, Grimmett, who is in custody at the Federal Correctional Complex in Forrest City, Arkansas, filed this petition seeking relief pursuant to 28 U.S.C. § 2241. Grimmett first argues that his prior possession of controlled substances convictions did not constitute controlled substance offenses as defined in the sentencing guidelines and could not be used to enhance his base offense level. Docket entry no. 2, page 6.[3]

Grimmett also argues that the Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), "alter[ed] the classification of the prior convictions used [to] quality the petitioner as a career offender, were this case on direct appeal or even on a first habeas petition." Docket entry no. 2, page 4. He states that, in light of *Mathis*, the sentencing court should have compared the Missouri resisting arrest statute to the elements of a crime of violence found in the sentencing guidelines, and in doing so, should have held that because the elements do not match, his prior conviction was not a crime of violence. *Id.*, page 10.

Finally, Grimmett states that the U.S. Sentencing Commission struck the "residual clause"

---

[3] The Court notes that the record before it, including Grimmett's pleadings in his section 2255 case, does not support his position that his prior convictions for drug possession were used to enhance his offense level. See docket entry nos. 8-5, page 1; 8, page 2.

3

of U.S.S.G. § 4B1.2(a), which defined a crime of violence as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Thus, according to Grimmett, the now-stricken residual clause should not have been applied by the sentencing court to define his resisting arrest conviction as a crime of violence. *Id.*, page 11. Based on these arguments, Grimmett claims that his base offense level should not have been enhanced to a level 22, and his sentence should be vacated, set aside, or corrected. *Id.*

Respondent Gene Beasley ("Beasley") asserts the petition should be dismissed for lack of subject matter jurisdiction. Specifically, Beasley argues that Grimmett waived his right to contest his conviction and sentence in collateral proceedings, and Grimmett has not demonstrated that a 28 U.S.C. § 2255 remedy is inadequate or ineffective, a prerequisite to pursuing section 2241 relief. We find merit in Beasley's arguments.

First, Grimmett unequivocally waived his right to challenge his sentence in a proceeding like this one when he signed the plea agreement. Paragraph 15 of the Plea Agreement provides:

> 15. **Waiver of Appellate and Post-Conviction Rights.**
>
> a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.
>
> b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

Docket entry no. 8-1, page 9.

Grimmett's challenge to his sentence in this action does not allege ineffective assistance of counsel, prosecutorial misconduct, or that his sentence is in excess of the statutory maximum and therefore illegal. Instead, he asserts a misapplication of the sentencing guidelines which resulted in a prior conviction being deemed a crime of violence, resulting in an erroneous enhancement of his offense level. Grimmett expressly waived his right to collaterally attack his sentence on the

ground of misapplication of the sentencing guidelines. Such waivers are generally enforceable. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Additionally, the Eighth Circuit has upheld a waiver in a plea agreement that contained almost the exact language as the plea agreement in this matter. *See United States v. Lumpkins*, 687 F.3d 1011, 1014-1015 (8th Cir. 2012). Grimmett does not allege that his waiver was unknowing, involuntary, or would result in a miscarriage of justice, and the Court finds nothing in the record to suggest that it was unknowing, involuntary, or would result in a miscarriage of justice.

Second, Grimmett fails to demonstrate that a 28 U.S.C. § 2255 remedy in the sentencing court is inadequate or ineffective. The scope of a petition like the one at bar pursuant to 28 U.S.C. 2241 is clear. The scope is as follows:

> Generally, a federal inmate may challenge his ... sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ... A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. *Methany v. Morris*, 307 F.3d 709, 711-712 (8th Cir. 2002).
>
> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez–Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir.2002), ... The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez–Lopez*, 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because ... a 2255 petition was time-barred. Id.

*See Alexander v. Haynes*, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.).

The Eighth Circuit Court of Appeals has recognized that a § 2255 motion is not inadequate

or ineffective because such relief has already been denied, because a petitioner has been denied permission to file a successive § 2255 petition, because a successive § 2255 motion has been dismissed, or because the one year statute of limitations has expired. *United States v. Lurie*, 207 F.3d 1075,1077 (8th Cir. 2000) (citations omitted). *See also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)(something more than a procedural bar to bringing § 2255 action is necessary to establish remedy is inadequate or ineffective); *Lopez-Lopez*, 590 F.3d at 907 (remedy not inadequate or ineffective if § 2255 court declines to address claims on the merits). Simply put, a § 2241 petition cannot be used to assert a claim that was raised or which could have been raised in a § 2255 motion in the sentencing district. *Hill*, 349 F.3d at 1092.

Grimmett did not raise the claims he asserts in this action in his § 2255 action, and he has failed to demonstrate that a § 2255 petition was or would be inadequate or ineffective to test the legality of his detention. He is not entitled to seek relief under § 2241 simply because he did not seek or obtain relief from the Missouri district court that sentenced him. Applying the governing law to the facts of this case, the undersigned finds that the Eastern District of Arkansas does not have subject matter jurisdiction over his petition.

We recommend the petition be dismissed for the reasons stated herein. The dismissal should be without prejudice, to allow Grimmett to pursue section 2255 relief. The relief requested should be denied, and judgment entered for Beasley.

IT IS SO ORDERED this 7th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE